**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DOROTHEE ZADI,

*Petitioner,*

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE; JOHN ASHCROFT,

*Respondents.*

No. 02-1759

On Petition for Review of an Order of the
Board of Immigration Appeals.
(A73-566-220)

Submitted: March 13, 2003

Decided: March 27, 2003

Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

## COUNSEL

Ronald D. Richey, RONALD D. RICHEY & ASSOCIATES, Rock-
ville, Maryland, for Petitioner. Robert D. McCallum, Jr., Assistant
Attorney General, Mark C. Walters, Assistant Director, Christine A.
Bither, Senior Litigation Counsel, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondents.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Dorothee Zadi, a native and citizen of the Ivory Coast, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming without opinion the immigration judge's order finding her deportable and denying her application for asylum and withholding of deportation. We have reviewed the administrative record and the immigration judge's decision, which was designated by the Board as the final agency determination, and find that substantial evidence supports the immigration judge's conclusion that Zadi failed to establish past persecution or a well-founded fear of future persecution as required to qualify for relief from deportation. 8 U.S.C. § 1105a(a)(4) (1994);[1] 8 C.F.R. § 208.13(b) (2002).

Additionally, we uphold the immigration judge's denial of Zadi's application for withholding of deportation. The standard for withholding of deportation is more stringent than that for granting asylum. *See INS v. Cardoza-Fonseca*, 480 U.S. 421, 430-32 (1987). To qualify for withholding of deportation, an applicant must demonstrate a "clear probability of persecution." *Id.* at 430. Because Zadi fails to show that she is eligible for asylum, she cannot meet the higher standard for withholding of deportation.

Finally, we find Zadi's due process challenges to the Board's use of the streamlined review procedure set forth in 8 C.F.R. § 3.1(a)(7) (2002) to be without merit. *See Albathani v. INS*, 318 F.3d 365, 375-

---

[1] We note that 8 U.S.C. § 1105a(a)(4) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-128, 110 Stat. 3009, effective April 1, 1997. Because this case was in transition at the time the IIRIRA was passed, 8 U.S.C. § 1105a(a)(4) is still applicable under the terms of the transitional rules contained in § 309(c) of the IIRIRA.

79 (1st Cir. 2003). We further find that summary affirmance was appropriate in this case under the factors set forth in § 3.1(a)(7)(ii).

Accordingly, we deny Zadi's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*